| | |
|---|---|
| CARRIE K. S. OKINAGA | 5958-0 |
| University General Counsel | |
| DEREK T. MAYESHIRO | 6858-0 |
| derek.mayeshiro@hawaii.edu | |
| ELISABETH A. K. CONTRADES | 7665-0 |
| elisabeth.contrades@hawaii.edu | |
| LESLIE P. CHINN | 8426-0 |
| lchinn8@hawaii.edu | |
| Associates General Counsel | |

University of Hawai'i
2444 Dole Street, Bachman Hall 110
Honolulu, Hawai'i 96822
Telephone: (808) 956-2211
Facsimile:  (808) 956-2109

Attorneys for Defendant
DAVID LASSNER, in his Official
Capacity as President of
the UNIVERSITY OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| PATRICIA GROSSMAN, | ) | CIVIL NO. 18-00493  DKW-KSC |
| | ) | |
| Plaintiff, | ) | **DEFENDANT DAVID LASSNER'S, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF HAWAI'I, ANSWER TO COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS; CERTIFICATE OF SERVICE** |
| vs. | ) | |
| HAWAI'I GOVERNMENT EMPLOYEES ASSOCIATION / AFSCME LOCAL 152; DAVID LASSNER, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF HAWAI'I; AND RUSSELL SUZUKI, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF HAWAI'I; | ) | |
| Defendants. | ) | [DKT. NO. 1] |
| | ) | (No Trial Date Set) |

## DEFENDANT DAVID LASSNER'S, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF HAWAIʻI, ANSWER TO COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

Comes now, Defendant DAVID LASSNER, in his Official Capacity as President of the University of Hawaiʻi ("University"), by and through his attorneys, CARRIE K. S. OKINAGA, General Counsel, and DEREK T. MAYESHIRO, Associate General Counsel, and answers the Complaint Seeking Declaratory Relief, Injunctive Relief, and Damages for Deprivation of First Amendment Rights filed by Plaintiff PATRICIA GROSSMAN ("Plaintiff") on December 20, 2018 [Dkt. No. 1] ("Complaint") as follows:

### FIRST DEFENSE

1.  The Complaint fails to state a claim against the University upon which relief can be granted.

### SECOND DEFENSE

2.  With respect to the allegations contained in Paragraphs 1, 2, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 56, 57, and 59 of the Complaint, these paragraphs are not factual allegations, but rather purported interpretations of legal authorities which do not require admissions or denials. To the extent that any allegations in said paragraphs are factual allegations, the University denies the same. To the extent that any allegations in said paragraphs are legal interpretations, the University

affirmatively states that said authorities speak for themselves and the University makes no representation of their application to this case.

3. With respect to the allegations contained in Paragraph 3 of the Complaint, the University admits that Plaintiff is an employee employed by the University of Hawaiʻi and works at its Hilo campus. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

4. The University denies the allegations contained in Paragraphs 5, 6, 7, 8, 17, 30, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 58, 60, 61, 62, 63, 64, and 65 of the Complaint.

5. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 4, 9, 13, 14, 15, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 42 of the Complaint and therefore denies the same.

6. With respect to the allegations contained in Paragraph 10 of the Complaint, the University admits that the Plaintiff is an employee of the University of Hawaiʻi and works at its Hilo campus. The University is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in said Paragraph and therefore denies the same.

7. The University admits to the allegations contained in Paragraphs 11 and 18 of the Complaint.

8. With respect to the allegations contained in Paragraph 12 of the Complaint, the University admits that President David Lassner is sued in his official capacity as President of the University of Hawai'i. The University admits that it is a public university system and that the Office of the President for the University of Hawai'i is located at 2444 Dole Street, Bachman Hall 202, Honolulu, Hawai'i. The University denies the remaining allegations contained in said Paragraph.

9. With respect to the allegations contained in Paragraph 16 of the Complaint, the University admits that Plaintiff is an employee of the University of Hawai'i and works at its Hilo campus. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said Paragraph and therefore denies the same.

10. With respect to the allegations contained in Paragraph 19 of the Complaint, the University admits that on July 6, 2018, the University sent

an email announcement to employees regarding the *Janus* case. The University denies the remaining allegations contained in said Paragraph.

11. With respect to the allegations contained in Paragraphs 37 and 55 of the Complaint, the University repeats, realleges and incorporates by reference its responses herein.

12. Any allegation not expressly admitted herein is hereby denied.

## THIRD DEFENSE

13. The University intends to rely upon any matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and intends to seek leave to amend its answer to allege any such matters of which it may become aware during the course of discovery or trial of this action.

## FOURTH DEFENSE

14. Plaintiff's claims are barred by the sovereign immunity of the State of Hawaiʻi.

## FIFTH DEFENSE

15. The University intends to rely upon the defense of failure to mitigate its damages/injury.

## SIXTH DEFENSE

16. The University intends to rely upon the defense of official immunity.

## SEVENTH DEFENSE

17. The University intends to rely upon the defense of qualified immunity.

## EIGHTH DEFENSE

18. The University's alleged actions and/or omissions were not the proximate cause of Plaintiff's alleged injury and/or damages.

## NINTH DEFENSE

19. The University intends to rely upon the defense of statute of limitations and/or laches.

## TENTH DEFENSE

20. The University intends to rely upon the defenses and limitations contained in HRS § 304A-108.

## ELEVENTH DEFENSE

21. Plaintiff has failed to exhaust the remedies available under the applicable collective bargaining agreement.

## TWELFTH DEFENSE

22. Plaintiff's exclusive remedies are provided for in the applicable collective bargaining agreement.

## THIRTEENTH DEFENSE

23. The University acted in good faith.

## FOURTEENTH DEFENSE

24.    The University intends to rely upon the defense that the University acted reasonably and/or the Plaintiff's alleged constitutional right was not clearly defined or established.

## FIFTEENTH DEFENSE

25.    The University intends to rely upon the defense of the legality of its alleged actions and/or omissions under *Abood v. Detroit Bd of Ed.*, 431 U.S. 209 (1977).

## SIXTEENTH DEFENSE

26.    The University reserves the right to identify additional defenses which may be adduced through further investigation and discovery.

## SEVENTEENTH DEFENSE

27.    The doctrine of estoppel bars Plaintiff's claims.

## EIGHTEENTH DEFENSE

28.    Plaintiff unreasonably failed to utilize available process and procedures that would have prevented or corrected the alleged injuries of which Plaintiff complains.

## PRAYER FOR RELIEF

WHEREFORE, the University respectfully requests the following:

A.    That the Complaint be dismissed with prejudice;

B.	That the University be awarded attorneys' fees and costs, as provided by law; and

C.	That the University be awarded such other and further relief as the Court deems just and proper under the circumstances.

DATED:   Honolulu, Hawai'i, January 18, 2019.

   /s/   *Derek T. Mayeshiro*
CARRIE K. S. OKINAGA
  University General Counsel
DEREK T. MAYESHIRO
ELISABETH A. K. CONTRADES
LESLIE P. CHINN
  Associates General Counsel

Attorneys for Defendant DAVID LASSNER, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF HAWAI'I