Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

ROBERT H. THOMAS  4610-0
rht@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
*www.hawaiilawyer.com*
Telephone: (808) 531-8031
Facsimile: (808) 533-2242

BRIAN K. KELSEY (*Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
JEFFREY M. SCHWAB (*Pro Hac Vice*)
jschwab@libertyjusticecenter.org
REILLY STEPHENS (*Pro Hac Vice*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 263-7668
Facsimile: (312) 263-7702

Attorneys for Plaintiff
  PATRICIA GROSSMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA GROSSMAN,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII GOVERNMENT EMPLOYEES ASSOCIATION / AFSCME LOCAL 152; DAVID LASSNER, IN HIS OFFICIAL | Civil No. 18-00493-DKW-RT<br><br>**PLANTIFF'S RULE 16 SCHEDULING CONFERENCE STATEMENT**<br><br>Date: June 13, 2019<br>Time: 9:30 A.M.<br>Magistrate Judge Rom Trader |

CAPACITY AS PRESIDENT OF THE
UNIVERSITY OF HAWAII; AND CLARE
E. CONNORS, IN HER OFFICIAL
CAPACITY AS ATTORNEY GENERAL
OF HAWAII,

            Defendants.

## PLAINTIFF'S RULE 16 SCHEDULDING CONFERENCE STATEMENT

Plaintiff submits this Scheduling Conference Statement pursuant to Local Rule 16.2(b). A meeting was held on May 22, 2019, at 10:00 a.m., pursuant to Local Rule 26.1 and Fed. R. Civ. P. 26(f), at which time the parties conferred prior to the scheduling conference the Court has set for June 13, 2019 at 9:30 a.m.

## NATURE OF THE CASE

Plaintiff, Patricia Grossman ("Grossman"), is an employee of the University of Hawaii ("the University"), who signed a union membership card in 1995 for Defendant Hawaii Government Employee Association ("HGEA"), prior to the U.S. Supreme Court decision in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). On July 10, 2018, she sent an e-mail to HGEA, expressing her desire to resign immediately from the union. Grossman's request to resign was denied.

Claim I of the Complaint was brought under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) and asserts that Defendants HGEA and University of Hawaii President David Lassner ("Lassner") have violated Grossman's First Amendment rights to free speech and freedom of association by deducting union dues from her wages

2

both before and after Grossman's request to resign her union membership and by attempting to limit withdrawal from the union to an arbitrary thirty-day "window" before the anniversary date of her signing the union membership card. Legal issues presented by Claim I include whether Grossman's signing of a union card could have provided a basis for her affirmative consent to waive her First Amendment rights upheld in *Janus*, given that any such authorization would have been based on the unconstitutional choice between paying HGEA as a member or paying HGEA as a non-member; whether HGEA and Lassner violated Grossman's First Amendment rights to free speech and freedom of association both before and after her attempted resignation from union membership because Grossman had never provided "affirmative consent"; whether Grossman is entitled to a refund of past union dues paid to HGEA; and whether Hawaii Act 007, adopted in April 2018 and now codified at Haw. Rev. Stat. § 89-4(c), constitutes an unconstitutional violation of Grossman's First Amendment rights to free speech and freedom of association because it allowed the withholding of union dues from her paycheck until a time period specified in the union agreement.

Claim II of the Complaint was dismissed by this Court, and while Plaintiff intends to appeal the decision, Plaintiff does not feel it is relevant to scheduling decisions of the Court at this time.

3

## JURISDICTION AND VENUE

This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983, and 28 U.S.C. § 2201(a). The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

Venue is proper because Defendants are residents of the District of Hawaii and because a substantial portion of the events giving rise to the claims occurred in this District. 28 U.S.C. § 1391(b).

## NO JURY TRIAL

Plaintiff does not demand a jury trial.

## DISCLOSURES

On May 21, 2019, HGEA provided Plaintiff three documents of its Initial Disclosure, pursuant to Fed. R. Civ. Proc. 26(a)(1)(A)(ii).

## DISCOVERY

Plaintiff intends to file a Motion for Summary Judgment in this matter without further need for discovery.

## SPECIAL PROCEDURES

Pursuant to Local Rule 16.2(b)(6), Plaintiff states that she intends to file a Motion for Summary Judgment in this matter and that the remaining claim in this case can be decided by this Court without further need for discovery or delay. There are no genuine issues of material fact.

445062

Plaintiff believes the issues presented are legal issues, susceptible to dispositive motions. For judicial economy, Plaintiff would submit that the Court entertain dispositive motions for summary judgment from the parties to be filed no later than July 31, 2019, with oppositions filed no later than August 29, 2019, and replies filed no later than September 12, 2019.

Pursuant to Fed. R. Civ. P. 16(c), Plaintiff requests the following stipulations from Defendants:

1) Grossman is an employee of the University of Hawaii.
2) HGEA is the union certified to represent Grossman's bargaining unit.
3) Grossman joined HGEA by signing a membership application form on June 23, 1995.
4) On July 10, 2019, Grossman sent an e-mail to HGEA requesting to withdraw from the union and for the deduction of her dues to cease.
5) On July 10, 2019, HGEA sent an e-mail to Grossman denying her request to end her dues deduction because of Act 007.
6) According to Act 007, Grossman can only end her union dues deduction thirty days prior to the anniversary date on which she joined HGEA, which was June 23.
7) Grossman's union dues deductions ended pursuant to a letter sent by HGEA on January 28, 2019.

445062

8) David Lassner, in his official capacity as President of the University of Hawaii, is responsible for the deduction of union dues from the paychecks of employees of the University.

9) Clare E. Connors, in her official capacity as the Attorney General of Hawaii, is charged with upholding the constitutionality of Hawaii statutes.

**RELATED CASES**

Plaintiff is not aware of other cases in the District of Hawaii raising the same or similar issues. Below, Plaintiff lists cases around the country that raise the same or similar issues as those which Plaintiff presents in her Complaint.

- *Martin v. California Teachers Ass'n*, No. 2:18-cv-08999-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Matthews v. United Teachers Los Angeles*, No. 2:18-cv-06793-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Wilford v. National Education Ass'n*, No. 8:18-cv-1169-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Babb v. California Teachers Ass'n*, No. 8:18-cv-00994-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Few v. United Teachers Los Angeles*, No. 2:18-cv-09531-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *O'Callaghan v. Regents of the University of California*, 2:19-cv-02289-JVS-DFM, Central District of California.

- *Sweet v. California Association of Psychiatric Technicians*, 2:19-cv-00349-JAM-AC, Eastern District of California.

- *Wolf v. UPTE Local 9119*, 4:19-cv-02881-DMR, Northern District of California.

- *Belgau v. Inslee,* No. 18-5620 RJB, 2018 U.S. Dist. LEXIS 175543 (W.D. Wash. Oct. 11, 2018).

- *Adams v. Teamsters Local 429*, 1:19-CV-00336- SHR, Middle District of Pennsylvania.

- *Hannay v. AFSCME Council 8*, 5:19-cv-00951, Northern District of Ohio.

- *Thompson v. Marietta Education Ass'n,* No. 2:18-cv-00628-MHW-CMV, ECF Dkt. 52, (S.D. Ohio Jan. 14, 2019).

- *Uradnik v. Inter Faculty Org.*, No. 18-1895 (PAM/LIB), 2018 U.S. Dist. LEXIS 165951 (D. Minn. Sep. 27, 2018).

- *Reisman v. Associated Faculties of the Univ. of Me.*, No. 1:18-cv-00307-JDL, 2018 U.S. Dist. LEXIS 203843 (D. Me. Dec. 3, 2018).

- *Hendrickson v. AFSCME Council 18*, 18-CV-01119-RB-LF, District of New Mexico.

- *Bennett v. AFSCME Council 31*, 4:19-cv-04087-SLD-JEH, Central District of Illinois.

- *Leitch v. AFSCME Council 31*, 1:19-cv-02921, Northern District of Illinois.

- *Mandel v. SEIU Local 73*, 1:18-cv-08385, Northern District of Illinois

- *Sweeney v. Madigan,* No. 18-cv-1362, 2019 U.S. Dist. LEXIS 19389 (N.D. Ill. Feb. 6, 2019).

- *Janus v. Am. Fed'n of State,* No. 15 C 1235, 2019 U.S. Dist. LEXIS 43152 (N.D. Ill. Mar. 18, 2019).

- *Oliver v. SEIU Local 668*, 19-0891, Eastern District of Pennsylvania.

- *Bierman v. Dayton*, 900 F.3d 570 (8th Cir. 2018).

- *Fisk v. Inslee,* No. 17-35957, 2018 U.S. App. LEXIS 35317 (9th Cir. Dec. 17, 2018).

- *Mentele v. Inslee*, 916 F.3d 783, 789 (9th Cir. 2019).

## OTHER MATTERS

The parties have not discussed alternative dispute resolution options because they do not consider this case one which could be resolved with alternative dispute resolution. Plaintiff believes the case can be resolved more quickly and easily on dispositive motions.

DATED: Portland, Oregon, June 6, 2019.

        Respectfully submitted,

        DAMON KEY LEONG KUPCHAK HASTERT

        /s/ *Robert H. Thomas*
        ROBERT H. THOMAS

        LIBERTY JUSTICE CENTER

        BRIAN K. KELSEY (*Pro Hac Vice*)
        JEFFREY M. SCHWAB (*Pro Hac Vice*)
        REILLY STEPHENS (*Pro Hac Vice*)

        Attorneys for Plaintiff
          PATRICIA GROSSMAN

445062