IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA GROSSMAN, | ) CIVIL NO. 18-00493  DKW-RT |
| | ) |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT** |
| | ) **OF OPPOSITION AND CROSS** |
| vs. | ) **MOTION FOR SUMMARY** |
| | ) **JUDGMENT** |
| HAWAII GOVERNMENT EMPLOYEES | ) |
| ASSOCIATION / AFSCME LOCAL 152; | ) |
| DAVID LASSNER, IN HIS OFFICIAL | ) |
| CAPACITY AS PRESIDENT OF THE | ) |
| UNIVERSITY OF HAWAII; AND | ) |
| RUSSELL SUZUKI, IN HIS OFFICIAL | ) |
| CAPACITY AS ATTORNEY GENERAL | ) |
| OF HAWAII; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF OPPOSITION
AND CROSS MOTION FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

Defendant David Lassner is the President of the University of Hawaiʻi

("University").  Concise Statement of Facts (hereinafter "CSF") No. 1.

Defendant Clare E. Connors is the Attorney General for the State of

Hawaiʻi.  CSF No. 2.  Defendant Hawaii Government Employees

Association / AFSCME Local 152 ("HGEA") is a labor organization.  CSF

No. 3.

HGEA is the certified collective bargaining representative of a

bargaining unit of administrative, professional, and technical employees of

the University known as Unit 8.  CSF No. 4.  Plaintiff Patricia Grossman

("Plaintiff") is an employee of the University and member of Unit 8.  CSF

No. 5.  Employees in Unit 8 are paid through the State of Hawaiʻi

Department of Accounting and General Services ("DAGS").  CSF No. 6.

Employees in Unit 8 may become HGEA members by signing a

membership card that authorizes the deduction of union dues from their

pay.  CSF No. 7.  Employees in Unit 8 are not required to become

members of HGEA or authorize dues deductions as a condition of

employment.  CSF No. 8.

DAGS relies on information provided by HGEA regarding which

employees have properly authorized or cancelled dues deductions.  CSF

No. 9.

HGEA members have the right to run for union office, vote in union

officer elections, and otherwise participate in HGEA's internal affairs.

Nonmembers do not have these membership rights.  CSF No. 10.

In 1995, Plaintiff signed the HGEA membership application card.

CSF No. 11.  DAGS deducted union dues from Plaintiff's pay and remitted

those dues to HGEA after she became a HGEA member.  CSF No. 12.

Before June 27, 2018, non-union-members in Unit 8 paid fair-share

fees to HGEA to cover their share of the cost of collective bargaining

negotiations and contract administration.  The "chargeable" fair-share fees paid by nonmembers were on average approximately 75% of full member dues and were always lower than full member dues.  After the Supreme Court issued *Janus v. AFSMCE*, Council 31, 138 S.Ct. 2448 (2018) on June 27, 2018, DAGS immediately stopped deducting and HGEA stopped receiving fair- share fees from nonmembers.  CSF No. 13.

Between July 6 and July 10, 2018, Plaintiff exchanged emails with certain staff members at HGEA, DAGS, and the University.  CSF No. 14. On or about July 14, 2018, Plaintiff sent a letter dated July 13, 2018 to HGEA's Hawai'i Island Division office and to the University of Hawai'i by certified mail, asking to resign her membership and to stop deduction of dues.  Plaintiff's letter was received by HGEA's Hawai'i Island Division office on the island of Hawai'i on or about July 14, 2018.  CSF No. 15.

On January 9, 2019, HGEA notified DAGS of Plaintiff's request to stop dues deductions, and dues deductions from Plaintiff's pay ended. CSF No. 16.  A total of $402.60 in dues was deducted from Plaintiff's pay from July 10, 2018 through the time deductions stopped, covering dues for the period July 1, 2018 through December 31, 2018.  Specifically, deductions of $33.55 took place on approximately the 5th and 20th of each month beginning July 20, 2018 and ending January 4, 2019.  Deductions

3

on approximately the 5th of the month covered dues for the second half of the previous month.  Deductions on approximately the 20th of the month covered dues for the first half of that month.  CSF No. 17.

On January, 10, 2019, HGEA sent Plaintiff a check in the amount of $402.60.  CSF No. 18.  On January 23, 2019, Plaintiff's counsel sent a letter to HGEA counsel regarding the check.  CSF No. 19.  On January 28, 2019, HGEA sent a follow-up letter to Plaintiff's counsel regarding the check.  CSF No. 20.  On June 21, 2019, Plaintiff's counsel informed HGEA's counsel that Plaintiff had not cashed the check.  CSF No. 21.  On June 28, 2019, HGEA sent Plaintiff a reissued check in the amount of $442.86.  CSF No. 22.

Plaintiff is no longer a member of HGEA.  No dues or other payments to HGEA are currently being deducted from her pay. HGEA has instructed DAGS and the University that dues should not be deducted from Plaintiff's pay in the future, and that HGEA will not accept receipt of any dues deducted from Plaintiff's pay, unless she chooses to join HGEA and authorizes deductions again.  CSF No. 23.

## II.   **STATEMENT OF FACTS**

In Count I of the Complaint, Plaintiff seeks declaratory and injunctive relief against Defendants HGEA, Suzuki, and Lassner for civil rights

4

violations under the First and 42 USC § 1983.  *See* Complaint. [Doc. 1].

She alleges:

38.    Forcing a government employee to join a union or even to pay fees to a union violates that employee's First Amendment right to free speech and freedom of association unless the employee "affirmatively consents" to waive the rights.  *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018).  Such a waiver must be "freely given and shown by 'clear and compelling' evidence."  *Id.*

39.    The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment guarantee of Due Process.  *Id.* at 2463; *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

40.    42 U.S.C. § 1983 provides a cause of action for both damages and injunctive relief against any person who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution.

41.    28 U.S.C. § 2201(a) allows a court of the United States, as a remedy, to declare the rights and other legal relations of interested parties.

42.    *Mrs. Grossman does not affirmatively consent to being considered a member of HGEA or to <u>having her union dues withheld by President Lassner.</u>*

43.    *<u>President Lassner is a state actor, who is deducting dues from Mrs. Grossman's paycheck under color of state law.</u>*

*See* Complaint [Doc. 1], Pars. 38-43, emphasis added.

However, contrary to Plaintiff's claims, Defendant Lassner is not deducting dues from Plaintiff.  The parties have stipulated and agreed as follows:

Plaintiff is an employee of the University and member of Unit 8.  CSF No. 5.

**_Employees in Unit 8 are paid through the State of Hawai'i Department of Accounting and General Services ("DAGS")_**.  CSF No. 6, emphasis added.

**_DAGS relies on information provided by HGEA regarding which employees have properly authorized or cancelled dues deductions._** CSF No. 9, emphasis added.

**_DAGS deducted union dues from Plaintiff's pay and remitted those dues to HGEA after she became a HGEA member._**  CSF No. 12, emphasis added.

**_On January 9, 2019, HGEA notified DAGS of Plaintiff's request to stop dues deductions, and dues deductions from Plaintiff's pay ended._**  CSF No. 16, emphasis added.

As of July 2018, DAGS has taken over from the University of Hawai'i the deduction of HGEA dues for University employees.  CSF No. 24. HGEA and DAGS coordinate between themselves the deduction of HGEA

dues for University employees within that union.  CSF No. 25.  This arrangement has been continuous from July 2018 to present for each payroll period and is intended to continue into the future.  CSF No. 26.

Thus, contrary to Plaintiff's allegations in her Complaint, President Lassner and the University of Hawaiʻi were not deducting HGEA dues from her paycheck.

Moreover, HGEA and DAGS have ceased deducting dues from Plaintiff's paycheck making her declaratory and injunctive claims are now moot.

## III.   RELEVANT PROCEDURAL HISTORY

On December 20, 2018, Plaintiff filed her Complaint for Declaratory Relief ("Complaint").  [Doc. 1].  On January 18, 2019, Defendant David Lassner, in his official capacity as President of the University of Hawaiʻi ("Defendant Lassner") filed his Answer to the Complaint.  [Doc. 13].  On January 18, 2019, Defendant Russell Suzuki, in his official capacity as Attorney General of Hawaiʻi ("Defendant Suzuki") filed his Answer to the Complaint.  [Doc. 14].

On February 11, 2019, Defendant Hawaii Government Employees Association / AFSCME Local 152 ("HGEA") filed its Motion to Dismiss Count II of the Complaint ("Motion to Dismiss").  [Doc. 27].  On April 23,

2019, Defendant Suzuki filed his Joinder to the Motion to Dismiss. [Doc. 38].  On April 24, 2019, Defendant Lassner filed his Joinder to the Motion to Dismiss.  [Doc. 40].

On April 24, 2019, Plaintiff filed her Memorandum in Opposition to the Motion to Dismiss.  [Doc. 41].  On May 1, 2019, HGEA filed its Reply Memorandum in Support of the Motion to Dismiss.  [Doc. 43].  On May 8, 2019, HGEA filed its Notice of Supplemental Authority.  [Doc. 44].

On May 21, 2019, the Court granted the Motion to Dismiss. [Doc. 46].

On July 31, 2019, the parties filed their Stipulation Regarding Undisputed Facts.  [Doc. 57].  On September 23, 2019, the parties filed, and the Court approved, the Stipulation and Order Re:  Cross-Motions for Summary Judgment.  [Doc. 59].  On October 21, 2019 and pursuant to the Stipulation and Order Re:  Cross-Motions for Summary Judgment, Plaintiff filed her Motion for Partial Summary Judgment.  [Doc. 60].

## IV.   APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142

(1970); *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1080 (9th Cir. 2004); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985).

In attempting to establish the existence of a factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n. 11, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253 at 289, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968); *Willis v. Pacific Maritime Ass'n*, 244 F.3d 675, 682 (9th Cir. 2001).

## V.   ARGUMENT

### A.   President Lassner is Not Acting Under Color of State Law

Plaintiff alleges that President Lassner is acting under color of law to deduct HGEA dues from her paycheck.  See Complaint [Doc. 1], Pars. 42-43.  She claims that under 42 U.S.C. § 1983, President Lassner is violating her civil rights, specifically her First Amendment rights to speech and assembly.  See Complaint [Doc. 1], Par. 47.

42 U.S.C. § 1983 states:

> *Every person* who, *under color of any statute,* ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, *subjects,* or causes to be subjected, *any citizen of the United States* or other person within the jurisdiction thereof *to the deprivation of any rights,* privileges, or immunities secured by the Constitution and laws, *shall be liable to the party injured* in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983

Contrary to Plaintiff's allegations, President Lassner is not and was not deducting union dues from her paycheck.  The parties have stipulated that Plaintiff is an employee of the University and member of Unit 8 and that Unit 8 employees are paid through DAGS.  CSF Nos. 5-6.  DAGS relies upon information provided by HGEA regarding which employees have properly authorized or cancelled dues deductions.  CSF No. 9, emphasis added.  ***DAGS deducted union dues from Plaintiff's pay and remitted those dues to HGEA after she became a HGEA member.***  CSF No. 12, emphasis added.

On January 9, 2019, HGEA notified DAGS of Plaintiff's request to stop dues deductions, and dues deductions from Plaintiff's pay ended.  CSF No. 16.

As of July 2018, DAGS has taken over from the University of Hawaiʻi the deduction of HGEA dues for University employees.  CSF No. 24.

10

HGEA and DAGS coordinate between themselves the deduction of HGEA dues for University employees within that union.  CSF No. 25.  This arrangement has been continuous from July 2018 to present for each payroll period and is intended to continue into the future.  CSF No. 26.

Plaintiff has not offered any evidence in support of her allegations in her Complaint that President Lassner is under color of law deducting or deducted union dues from her paycheck.  In fact, Plaintiff now concedes that President Lassner is not and was not deducting HGEA dues from her paycheck.  In light of this reversal of her allegations, this Court should grant President Lassner's Motion for Summary Judgment.

B.      Plaintiff's Claims for Declaratory and Injunctive Relief Are Moot

In her Complaint, Plaintiff alleges that she is entitled to an injunction under 42 U.S.C. § 1983 ordering President Lassner to immediately stop deducting union dues from her paycheck.  *See* Complaint [Doc.1], Par. 50. In her prayer for relief, she demands that the Court declare President Lassner's practice of withholding union dues from her paycheck is unconstitutional and to enjoin President Lassner from deducting dues from her paycheck.  *See* Complaint [Doc. 1], Pg. 16.

11

Even if President Lassner was deducting HGEA dues from Plaintiff's paychecks, such deductions have ceased. As such, her claims for injunctive and declaratory relief is moot.

Federal courts lack jurisdiction to consider moot claims. *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). "A claim is moot if it has lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir.1997).

Stated another way, mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980), citation omitted. Article III of the United States Constitution confers jurisdiction on federal courts over "cases" and "controversies" and has been construed to prohibit advisory opinions. Moreover, civil actions seeking prospective relief for deductions of union dues are "moot once the dues collection has ended." *Mayer v. Wallingford-Swarthmore Sch. Dist.*, __ F.Supp.3d ___, 2019, WL 4674397, at *3 (E.D. Pa. Sept. 24, 2019). Declaratory relief claims are also not immune from mootness considerations. *See Kasza v.*

*Browner*, 133 F.3d 1159, 1172 (9th Cir.1998); *Enrico's Inc. v. Rice*, 730 F.2d 1250, 1254–55 (9th Cir.1984).

Here, the parties have stipulated that in 1995, Plaintiff signed the HGEA membership application card.  CSF No. 11.  DAGS deducted union dues from Plaintiff's pay and remitted those dues to HGEA after she became a HGEA member.  CSF No. 12.  After the Supreme Court issued *Janus v. AFSMCE*, Council 31, 138 S.Ct. 2448 (2018) on June 27, 2018, DAGS immediately stopped deducting and HGEA stopped receiving fair-share fees from nonmembers.  CSF No. 13.  On or about July 14, 2018, Plaintiff sent a letter to HGEA asking to resign her membership and to stop deduction of dues.  On January 9, 2019, HGEA notified DAGS of Plaintiff's request to stop dues deductions, and dues deductions from Plaintiff's pay ended.  CSF No. 16.

Plaintiff has been reimbursed $442.86 which represents the amount of dues deducted during the time that she requested to resign her membership and the resignation of her HGEA membership.  CSF. Nos. 17-22.

In addition, the parties further stipulated that Plaintiff is no longer a member of HGEA.  No dues or other payments to HGEA are currently being deducted from her pay. HGEA has instructed DAGS that dues should

13

not be deducted from Plaintiff's pay in the future, and that HGEA will not accept receipt of any dues deducted from Plaintiff's pay, unless she chooses to join HGEA and authorizes deductions again.  CSF No. 23.

Accordingly, Plaintiff has resigned from HGEA and no further dues are being deducted from her paycheck.  As such, her allegations, claims and requested relief are moot.

## VI.   <u>CONCLUSION</u>

Based on the foregoing, the University requests that the Court grant summary judgment in its favor and against Plaintiff as to all claims alleged against it in Plaintiff's Complaint Seeking Declaratory Relief, Injunctive Relief, and Damages for Deprivation of First Amendment Rights [Doc. 1].

DATED:    Honolulu, Hawaiʻi, November 18, 2019.

  /s/   *Derek T. Mayeshiro*
CARRIE K. S. OKINAGA
  University General Counsel
DEREK T. MAYESHIRO
ELISABETH A. K. CONTRADES
  Associates General Counsel

Attorneys for Defendant DAVID LASSNER, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF HAWAIʻI