CLARE E. CONNORS         7936
Attorney General of Hawaii

JAMES E. HALVORSON       5457
RICHARD H. THOMASON      5140
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
235 South Beretania Street, 15th Floor
Honolulu, Hawaii  96813
Telephone: (808) 587-2900
Facsimile:  (808) 587-2965
E-Mail:  james.e.halvorson@hawaii.gov
         richard.h.thomason@hawaii.gov

Attorneys for Defendant
CLARE E. CONNORS,
in her official capacity as the
Attorney General of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA GROSSMAN,<br><br>      Plaintiff,<br><br>vs.<br><br>HAWAII GOVERNMENT EMPLOYEES ASSOCIATION / AFSCME LOCAL 152; DAVID LASSNER, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF HAWAII; AND CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF HAWAII,<br>      Defendants. | CIVIL NO. 18-cv-00493 DKW-RT<br><br>DEFENDANT CLARE E. CONNORS' SEPARATE CONCISE STATEMENT IN SUPPORT OF [DN 68] OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DN 60], AND CROSS MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br><u>Hearing:</u><br><br>Date:  January 24, 2020<br>Time:  9:30 a.m.<br>Judge:  Honorable Derrick K. Watson |

# DEFENDANT CLARE E. CONNNORS' SEPARATE CONCISE STATEMENT IN SUPPORT OF [DN 68] OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DN 60], AND CROSS MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56.1(b) of the Local Rules of Practice of the United States District Court for the District of Hawaii, Defendant Clare E. Connors, in her official capacity as the Attorney General of the State of Hawai'i (hereinafter "AG"), by and through her attorneys, James E. Halvorson and Richard H. Thomason, Deputy Attorneys General, hereby submits this separate concise statement of in support of [DN 68] Opposition To Plaintiff's Motion For Partial Summary Judgment [DN 60], and Cross-Motion for Summary Judgment, which is being filed contemporaneously.

## AG'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

|   | Facts | Evidence | AG's Response |
|---|-------|----------|---------------|
| 1 | Defendant David Lassner is the President of the University of Hawaii ("University"). | Joint Stipulation (Dkt. 57). | Undisputed. |
| 2 | Defendant Clare E. Connors is the Attorney General for the State of Hawaii. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 3 | Defendant Hawaii Government Employees Association / AFSCME Local 152 ("HGEA") is a labor organization. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 4 | HGEA is the certified collective bargaining representative of bargaining unit of administrative, professional, and technical employees of the University known as Unit 8. | Joint Stipulation (Dkt. 57). | Undisputed. |

| | | | |
|---|---|---|---|
| 5 | Plaintiff Patricia Grossman ("Grossman") is an employee of the University and member of Unit 8. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 6 | Employees in Unit 8 are paid through the State of Hawaii Department of Accounting and General Services ("DAGS"). | Joint Stipulation (Dkt. 57). | Undisputed. |
| 7 | Employees in Unit 8 may become HGEA members by signing a membership card that authorizes the deduction of union dues from their pay. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 8 | Employees in Unit 8 are not required to become members of HGEA or authorize dues deductions as a condition of employment. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 9 | DAGS relies on information provided by HGEA regarding which employees have properly authorized or cancelled dues deductions. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 10 | HGEA members have the right to run for union office, vote in union officer elections, and otherwise participate in HGEA's internal affairs. Nonmembers do not have these membership rights. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 11 | In 1995, Grossman signed the HGEA membership application card attached to the UF as Exhibit 1. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 12 | DAGS deducted union dues from Grossman's pay and remitted those dues to HGEA after she became a HGEA member. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 13 | Before June 27, 2018, non-union-members in Unit 8 paid fair-share fees to HGEA to cover their share of the cost of collective bargaining negotiations and contract administration. The | Joint Stipulation (Dkt. 57). | Undisputed. |

| | | | |
|---|---|---|---|
| | "chargeable" fair-share fees paid by nonmembers were on average approximately 75% of full member dues and were always lower than full member dues. After the Supreme Court issued *Janus v. AFSMCE, Council 31,* 138 S. Ct. 2448 (2018) on June 27, 2018, DAGS immediately stopped deducting, and HGEA stopped receiving, fair-share fees from nonmembers. | | |
| 14 | Between July 6 and July 10, 2018, Grossman exchanged emails with certain staff members at HGEA, DAGS, and the University. The email chains containing these emails are attached to the UF as Exhibit 2. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 15 | On or about July 14, 2018, Grossman sent a letter dated July 13, 2018 to HGEA's Hawaii Island Division office and to the University of Hawaii by certified mail, asking to resign her membership and to stop deduction of dues. The letter is attached to the UF as Exhibit 3. Grossman's letter was received by HGEA's Hawaii Island Division office on the island of Hawaii on or about July 14, 2018. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 16 | On January 9, 2019, HGEA notified DAGS of Grossman's request to stop dues deductions, and dues deductions from Grossman's pay ended. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 17 | A total of $402.60 in dues was deducted from Grossman's pay from July 10, 2018 through the time deductions stopped, covering dues for the period July 1, 2018 through December 31, 2018. Specifically, deductions of $33.55 took place on approximately the 5th and 20th of each month beginning July 20, 2018 and ending January 4, 2019. Deductions on approximately the 5th of the month covered dues of the second half of the previous | Joint Stipulation (Dkt. 57). | Undisputed. |

| | | | |
|---|---|---|---|
| | month, Deductions on approximately the 20th of the month covered dues for the first half of that month. | | |
| 18 | On January, 10, 2019 HGEA send Grossman a check in the amount of $402.60. A copy of the check and cover letter is attached to the UF as Exhibit 4. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 19 | On January 23, 2019, Grossman's counsel sent a letter to HGEA counsel regarding the check. A copy of the letter is attached to the UF as Exhibit 5. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 20 | On January 28, 2019, HGEA sent a follow-up letter to Grossman's counsel regarding the check. A copy of that letter is attached to the UF as Exhibit 6. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 21 | On June 21, 2019, Grossman's counsel informed HGEA's counsel that Grossman had not cashed the check. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 22 | On June 28, 2019, HGEA sent Grossman a reissued check in the amount of $442.86. A copy of that reissued check and cover letter is attached to the UF as Exhibit 7. | Joint Stipulation (Dkt. 57). | Undisputed. |
| 23 | Grossman is no longer a member of HGEA. No dues or other payments to HGEA are currently being deducted from her pay. HGEA has instructed DAGS and the University that dues should not be deducted from Grossman's pay in the future, and that HGEA will not accept receipt of any dues deducted from Grossman's pay, unless she chooses to join HGEA and authorizes deductions again. | Joint Stipulation (Dkt. 57). | Undisputed. |

## ADDITIONAL FACTS SETFORTH IN HGEA'S STATEMENT

| | Facts | Evidentiary Support |
|---|---|---|
| 24 | HGEA members have access to members-only benefits, including discounts on various good services. | Wakuzawa Decl. ¶2. |

| 25 | HGEA's Fiscal Office on Oahu is responsible for processing all member requests to resign union membership or end dues deductions. | Wakuzawa Decl. ¶3; Kauhi Decl. ¶3. |
|---|---|---|
| 26 | It has consistently been HGEA's policy and practice that if one of HGEA's island division offices receives a written request from a member to resign or end dues deductions, the island office forwards that request to the Fiscal Office on Oahu for processing. | Wakuzawa Decl. ¶3; Kauhi Decl. ¶3. |
| 27 | When HGEA's Hawaii Island Division received Grossman's resignation letter on or about July 14, 2018, the Hawaii Island Division attempted to follow HGEA policy and forward that letter to the Fiscal Office on Oahu. | Kauhi Decl. ¶4. |
| 28 | As the result of an inadvertent administrative error or mail lost in transit, HGEA's Fiscal Office on Oahu did not receive Grossman's resignation letter. | Wakuzawa Decl. ¶4; Kauhi Decl. ¶¶4-6. |
| 29 | HGEA's Fiscal Office first learned of Grossman's resignation letter in January 2019, after Grossman filed this lawsuit. | Wakuzawa Decl. ¶¶4-5. |
| 30 | After HGEA's Fiscal Office learned of Grossman's resignation letter, HGEA promptly instructed DAGS to end Grossman's deductions, and HGEA sent Grossman an unconditional refund of all dues deducted for the period July 1, 2018 forward. | Wakuzawa Decl. ¶5; Joint Stipulation (Dkt. 57) ¶¶16-18. |
| 31 | When Hawaii Act 7 was enacted on April 24, 2018, HGEA assumed it applied to all HGEA members. | Wakuzawa Decl. ¶6. |
| 32 | In August 2018, HGEA reevaluated its interpretation of Act 7, and HGEA now interprets Act 7 as not applying to union members who signed membership and dues authorization agreements before Act 7 was enacted. | Wakuzawa Decl. ¶8. |
| 33 | On August 15, 2018, HGEA's Fiscal Office instructed DAGS to stop dues deductions for all individuals of which HGEA's Fiscal Office was aware who had signed an HGEA membership and | Wakuzawa Decl. ¶9. |

| | | |
|---|---|---|
| | dues authorization agreement before Act 7 was enacted and who had requested that dues deductions end after Act 7 was enacted. HGEA also sent checks to each of these individuals, unconditionally refunding all dues that had been deducted from their pay after they each had asked that deductions end. | |
| 34 | Grossman was not included in the list of employees whose deductions ended and who received refunds in August 2018 because the Fiscal Office was not aware that Grossman had requested to resign and end her dues deductions. Had the Fiscal Office received Grossman's resignation letter in July 2018, her deductions would have ended in August 2018 and she would have received an unconditional refund of dues deductions made after her request. | Wakuzawa Decl. ¶10. |
| 35 | HGEA never applied Hawaii Act 7 to Grossman. When HGEA's Fiscal Office first was made aware of Grossman's request to resign and end dues deductions, HGEA promptly instructed DAGS to end her deductions and sent Grossman an unconditional refund of all post-resignation dues. | Wakuzawa Decl. ¶¶5, 7; Joint Stipulation (Dkt. 57) ¶¶16-18. |

DATED:   Honolulu, Hawaii, November 18, 2019.

  /s/ Richard H. Thomason  
JAMES E. HALVORSON  
RICHARD H. THOMASON  
Deputy Attorneys General  

Attorneys for Defendant  
CLARE E. CONNORS,  
in her official capacity as the  
Attorney General of Hawaii