Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

ROBERT H. THOMAS 4610-0
rht@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
*www.hawaiilawyer.com*
Telephone: (808) 531-8031
Facsimile: (808) 533-2242

BRIAN K. KELSEY (*Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
JEFFREY M. SCHWAB (*Pro Hac Vice*)
jschwab@libertyjusticecenter.org
REILLY STEPHENS (*Pro Hac Vice*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 263-7668
Facsimile: (312) 263-7702

Attorneys for Plaintiff
   PATRICIA GROSSMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA GROSSMAN,<br><br>                    Plaintiff,<br><br>      vs.<br><br>HAWAII GOVERNMENT EMPLOYEES<br>ASSOCIATION / AFSCME LOCAL 152; | Civil No. 18-00493-DKW-RT<br><br>**PLAINTIFF'S REPLY TO CLARE E.<br>CONNORS' OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>PLAINTIFF'S OPPOSITION TO** |

DAVID LASSNER, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF HAWAII; AND CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF HAWAII,

                    Defendants.

**CONNORS' CROSS MOTION FOR SUMMARY JUDGMENT (DKT. 68)**

Date:  Friday, January 24
Time:  9:30 A.M.
Judge:  Derrick K. Watson

## INTRODUCTION

Plaintiff, Patricia Grossman, submits this Reply to the Opposition of Defendant Attorney General Clare Connors to Plaintiff's Motion for Summary Judgment and submits this Opposition to Connors' Cross-Motion for Summary Judgment ("AG MSJ") (Dkt. 68). Plaintiff incorporates her arguments from her own Memorandum of Law in Support of Motion for Summary Judgment ("Plaintiff MSJ") (Dkt. 60-1) on Count I of her Complaint because she anticipated many of the HGEA arguments and addressed them forthwith. In addition, Plaintiff incorporates her own Reply and Opposition to HGEA's Cross-Motion for Summary Judgment ("Opposition to HGEA MSJ") (Dkt. 79) filed concurrently herewith and limits herself to those points that require further elaboration.

## STATEMENT OF MATERIAL FACTS

To facilitate the Court in determining judgment as a matter of law, the parties entered a joint Stipulation Regarding Undisputed Facts (Dkt. 57) ("UF"). In filing its cross-motion for summary judgment, HGEA introduced a significant

2

number of additional alleged facts, some of which it was presenting to Plaintiff for the first time. See HGEA's Statement of Additional Facts, (Dkt. 64 at 4) ("HGEA SAF"). The Attorney General incorporates HGEA's additional facts into her motion. AG MSJ at 6-8. Plaintiff addresses the additional alleged facts one-by-one below, according to their numbered paragraphs in the HGEA SAF.

24.   HGEA members have access to members-only benefits, including discounts on various good services.

Grossman does not dispute that union members receive certain privileges denied to nonmembers.

25.   HGEA's Fiscal Office on Oahu is responsible for processing all member requests to resign union membership or end dues deductions.

Plaintiff is without personal knowledge of HGEA's internal bureaucracy. To the extent a response is required, Plaintiff disputes this fact and denies that it would be material, if true.

26.   It has consistently been HGEA's policy and practice that if one of HGEA's island division offices receives a written request from a member to resign or end dues deductions, the island office forwards that request to the Fiscal Office on Oahu for processing.

Plaintiff is without personal knowledge of HGEA's internal bureaucracy. To the extent a response is required, Plaintiff disputes this fact

and denies that it would be material, if true.

27.     When HGEA's Hawaii Island Division received Grossman's resignation letter on or about July 14, 2018, the Hawaii Island Division attempted to follow HGEA policy and forward that letter to the Fiscal Office on Oahu.

Plaintiff does not dispute that on or about July 13, 2018, she sent a letter which was received on or about July 14, 2018. *See* UF ¶ 15, Exhibit 3. Plaintiff is without personal knowledge of HGEA's internal policies or HGEA's alleged attempts to follow them. To the extent a response or required, Plaintiff disputes this fact beyond what is stipulated in UF ¶ 15 and denies that it would be material, if true.

28.     As the result of an inadvertent administrative error or mail lost in transit, HGEA's Fiscal Office on Oahu did not receive Grossman's resignation letter.

Plaintiff is without personal knowledge of HGEA's internal policies or HGEA's alleged attempts to follow them. To the extent a response or required, Plaintiff disputes this fact beyond what is stipulated in UF ¶ 15 and denies that it would be material, if true.

29.     HGEA's Fiscal Office first learned of Grossman's resignation letter in January 2019, after Grossman filed this lawsuit.

Grossman vigorously disputes this fact. *See* Opposition to HGEA MSJ

4

Section I.A.

30.     <u>After HGEA's Fiscal Office learned of Grossman's resignation letter,</u>
<u>HGEA promptly instructed DAGS to end Grossman's deductions, and HGEA sent</u>
<u>Grossman an unconditional refund of all dues deducted for the period July 1, 2018</u>
<u>forward.</u>

For the reason stated above in Paragraph 29, Grossman vigorously
disputes that HGEA instructed DAGS to end Grossman's deductions
"promptly". Grossman does not dispute that HGEA sent Grossman a check
in the amount of $402.60 on January 10, 2019. *See* UF ¶ 18, Exhibit 4.

31.     <u>When Hawaii Act 7 was enacted on April 24, 2018, HGEA assumed it</u>
<u>applied to all HGEA members.</u>

Grossman does not dispute this fact because HGEA explicitly
referenced Act 7 as the reason it denied her from ending her union dues
deductions. *See* UF ¶ 14, Exhibit 2.

32.     <u>In August 2018, HGEA reevaluated its interpretation of Act 7, and</u>
<u>HGEA now interprets Act 7 as not applying to union members who signed</u>
<u>membership and dues authorization agreements before Act 7 was enacted.</u>

Grossman disputes this alleged internal reevaluation of the HGEA
legal interpretation of Act 7 the month following her resignation letter
because HGEA did not end her dues deduction in August 2018. In addition,

5

Grossman disputes that the HGEA interpretation of Act 7 is material, as she

is pleading for the Court to interpret it.

33.     On August 15, 2018, HGEA's Fiscal Office instructed DAGS to stop

dues deductions for all individuals of which HGEA's Fiscal Office was aware who

had signed an HGEA membership and dues authorization agreement before Act 7

was enacted and who had requested that dues deductions end after Act 7 was

enacted. HGEA also sent checks to each of these individuals, unconditionally

refunding all dues that had been deducted from their pay after they each had asked

that deductions end.

Grossman disputes this allegation because the HGEA Fiscal Office

was aware she had signed a union card before Act 7 was enacted, she had

requested that the dues deductions end after Act 7 was enacted, and HGEA

did not instruct DAGS to stop dues deductions from her.

34.     Grossman was not included in the list of employees whose deductions

ended and who received refunds in August 2018 because the Fiscal Office was not

aware that Grossman had requested to resign and end her dues deductions. Had the

Fiscal Office received Grossman's resignation letter in July 2018, her deductions

would have ended in August 2018 and she would have received an unconditional

refund of dues deductions made after her request.

Grossman disputes this allegation.

6

35. <u>HGEA never applied Hawaii Act 7 to Grossman. When HGEA's</u>

<u>Fiscal Office first was made aware of Grossman's request to resign and end dues</u>

<u>deductions, HGEA promptly instructed DAGS to end her deductions and sent</u>

<u>Grossman an unconditional refund of all post-resignation dues.</u>

Grossman vigorously disputes that "HGEA never applied Hawaii Act

7 to Grossman" because all parties stipulated the veracity of an e-mail from

HGEA to Grossman in which the union explicitly stated that it was applying

Act 7 to Grossman. *See* UF ¶ 14, Exhibit 2.

## ARGUMENT

**The Attorney General's conclusory assertions do not overcome Grossman's right to relief.**

The argument section of the Attorney General's Opposition cites no legal

authority other than *Janus v. AFSCME*, 138 S.Ct. 2448 (2018), and the filings of

the parties. Given the paucity of legal analysis, Grossman incorporates the

arguments made in her own motion for summary judgment and in her oppositions

by reference, and replies to the Attorney General's points in the order they were

made.

a. <u>Act 7 was not actually applied to Plaintiff, making it irrelevant to this</u>

<u>case.</u>

Grossman addressed this issue in Section I.A. of its Opposition to

HGEA MSJ and, hereby, incorporates its argument. *See also* Disputed Fact

7

#35 above. In correspondence to which all parties stipulated, the union denied Grossman's request to leave the union explicitly because it applied Act 7 to her. E-mail of Union Agent Lorena D. Kauhi to Grossman, July 10, 2018, UF Exhibit 2 at 5.

It is not clear by this statement whether the Attorney General is endorsing HGEA's new legal position that Act 7 cannot validly bind those who signed union cards before its enactment. If that is what the Attorney General means, Grossman invites her to say so.

b.      *Janus* says nothing about the rights of union *members.*

*Janus* establishes the conditions necessary for one to become a union member:

> Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed. Rather, to be effective, the waiver must be freely given and shown by "clear and compelling" evidence. Unless employees clearly and affirmatively consent before any money is taken from them, this standard cannot be met.

*Janus*, 138 S. Ct. at 2486 (citations omitted). Therefore, one is not validly a union member *unless* one freely gives by clear and compelling evidence their affirmative consent.

c.      *Janus* says nothing about the rights of union *members.*

8

The Attorney General's point in c. is substantively the same as in b; therefore, Plaintiff incorporates her response above.

d.      The University of Hawaii no longer operates its own payroll system, so this request is misplaced, and because the case is not a class action, it is moot.

The Attorney General cites no authority, and Grossman has already addressed the mootness question in other filings; therefore, Plaintiff, hereby, incorporates those filings by reference. *See* Opposition to HGEA MSJ at Section II; Plaintiff's MSJ at Section I.C.

e.      The Attorney General makes no argument as to e; therefore, no response is necessary.

f.      The cases on the retroactive effect of Supreme Court decisions cited by Plaintiff miss the mark. *Janus* simply does not address the question of reimbursement of union dues paid by former union members such as Plaintiff.

Grossman invites the Attorney General to explain the ways in which Grossman's citations miss the mark. Since she has not done so, and has cited nothing of her own, Grossman stands on her other filings.

g.      Plaintiff cites to no authority, declaration, stipulated fact, or evidence supporting the "negotiated agreement" assertion.

The negotiated agreement is the Collective Bargaining Agreement between the government and HGEA.

9

## CONCLUSION

For the foregoing reasons, this Court should deny the Attorney General's

Motion for Summary Judgment and grant Grossman's Motion for Summary

Judgment.

DATED: Honolulu, Hawaii, December 9, 2019.

Respectfully submitted,

DAMON KEY LEONG KUPCHAK HASTERT

/s/ *Robert H. Thomas*
ROBERT H. THOMAS

LIBERTY JUSTICE CENTER

BRIAN K. KELSEY (*Pro Hac Vice*)
JEFFREY M. SCHWAB (*Pro Hac Vice*)
REILLY STEPHENS (*Pro Hac Vice*)

Attorneys for Plaintiff,
 PATRICIA GROSSMAN